UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PEOPLE OF THE STATE OF NEW YORK ex rel.
JASON CORNELL,

        Petitioner,

        -v-                               06-CV-0734(MAT)
                                       **ORDER**

ROBERT KIRKPATRICK, Superintendent,
Wende Correctional Facility,

        Respondent.

---

**I. Introduction**

Petitioner Jason Cornell("petitioner") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Ontario County Court of two counts of Rape in the First Degree (N.Y. Penal L. § 130.35(1)). Petitioner is represented by counsel in these proceedings.

**II. Factual Background and Procedural History**

Petitioner's conviction stems from the forced sexual assault of two women (hereinafter referred to as "Victim #1" and "Victim #2") during car trips from their homes in Watkins Glen, New York to Rochester, New York. The assaults occurred under similar circumstances, approximately three days apart.

On October 27, 2000, petitioner was charged with two counts of first degree rape and one count of first degree forcible sodomy. The case was tried before Judge James Harvey and a jury in Ontario County Court from March 19 to March 21, 2001. Petitioner was convicted on both rape counts, and acquitted of the sodomy count.

He was subsequently sentenced as a second felony offender to twelve-and-a-half years of incarceration on each rape count, set to run consecutively as to each victim. Sentencing Tr. 12.

Through counsel, petitioner raised the following points on direct appeal: (1) Ontario County was not the proper venue for the prosecution; (2) the trial court gave an improper jury instruction; (3) the trial court erred in refusing to sever the counts; (4) the prosecutor violated Brady by failing to disclose the location of one of the rapes; and (5) the sentence was harsh and excessive. See Petitioner's ("Pet'r") Appellate Br. (Dkt. #12). The Appellate Division, Fourth Department, unanimously affirmed petitioner's conviction. People v. Cornell, 17 A.D.3d 1010 (4th Dept. 2005), lv. denied, 5 N.Y.3d 805 (2005).

While his direct appeal was pending, petitioner filed a motion to vacate the judgment pursuant to New York Crim. Proc. Law ("C.P.L.") § 440.10, arguing that: (1) the trial court gave an improper jury instruction; and (2) the court erred in refusing to sever the charges. The trial court denied this motion without opinion. See Order, No. 00-10-168, dated 1/14/04; Respondent's ("Resp't") Ex. L. Leave to appeal that decision was denied by the Appellate Division on April 20, 2004. See Resp't Ex. O.

Petitioner then filed a timely petition for writ of habeas corpus under 28 U.S.C. § 2254 with this Court. Through counsel, he argues that the prosecutor violated the precepts of Brady v. Maryland, 373 U.S. 83 (1963), by failing to timely disclose the location of one of the rapes. See Pet'r Br. at 9-12 (Dkt. #2).

Petitioner also attacks trial counsel's effectiveness on over fifteen grounds. Petition ("Pet.") 20-23; Pet'r Br. 2-18. (Dkt. ## 1, 2). For the reasons that follow, the Court finds that petitioner is not entitled to habeas relief and the petition is dismissed.

**III. Discussion**

    **A.    General Principles Applicable to Federal Habeas Review**

        **1.    Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

        **2.    Exhaustion Requirement and Procedural Bar**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion

requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir.1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263 n.9 (1989); other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Grey, 933 F.2d at 120. The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977).

### 3. The Adequate and Independent State Grounds Doctrine

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred.'" Dunham v. Travis, 313 F.3d 724, 729 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). "A habeas petitioner may bypass the independent and adequate state

-4-

ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Id. (citing Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Although the Supreme Court "has repeatedly cautioned 'that the [independent and adequate state law ground] doctrine applies to *bar consideration* on federal habeas of federal claims that have been defaulted under state law,'" id. (quoting Lambrix v. Singletary, 520 U.S. 518, 523 (1997) (emphasis added by Second Circuit), the Second Circuit has observed that "it is not the case 'that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be[,]'" id. (quoting Lambrix, 520 U.S. at 525 (stating that bypassing procedural questions to reach the merits of a habeas petition is justified in rare situations, "for example, if the [the underlying issue] are easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law")).

## B. Merits of the Petition

### 1. Petitioner's Brady Claim is Procedurally Defaulted

Petitioner first argues that the prosecutor violated his disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963)[1] and committed misconduct by failing to timely disclose the location

---

[1] Suppression by prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of prosecution. Brady, 373 U.S. at 87.

of one of the rapes. Pet'r Br. 9-12. Petitioner raised this claim on direct appeal, and the Fourth Department found that it was unpreserved for appellate review, citing C.P.L. § 470.05[2]. <u>Cornell</u>, 17 A.D.3d at 1011. Because the appellate court rejected this claim based on a state procedural rule, the claim is procedurally barred from habeas review.

A federal habeas court may not review a question of federal law decided by a state court if the state court's decision rested on a state procedural rule that is independent of the federal question and adequate to support the judgement. <u>Coleman</u>, 501 U.S. at 729-30 (1991). Only a "firmly established and regularly followed state practice" may be interposed by a state to prevent subsequent review by this Court of a federal constitutional claim. <u>James v. Kentucky</u>, 466 U.S. 341, 348-49 (1984). Indeed, the New York procedural rule applied by the Appellate Division in petitioner's case--that the parties must preserve a claim of error with a contemporaneous objection--has been recognized as a firmly-established and regularly followed rule. <u>See</u> <u>Richardson v. Greene</u>,

---

[2] New York's "contemporaneous objection rule" is codified at C.P.L. § 470.05(2), and provides: "For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same. Such protest need not be in the form of an "exception" but is sufficient if the party made his position with respect to the ruling or instruction known to the court, or if in reponse to a protest by a party, the court expressly decided the question raised on appeal. In addition, a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered. " § 470.05(2).

497 F.3d 212 (2d Cir. 2007); Gardner v. Fisher, 556 F.Supp.2d 183 (E.D.N.Y. 2008) (Appellate ruling that Brady claim was unpreserved pursuant to contemporaneous objection rule was based on an adequate and independent state procedural default). As such, the Appellate Division's holding that petitioner's Brady claim was unpreserved renders this claim procedurally barred from federal habeas review.[3]

Because this claim is procedurally barred, it is precluded from review unless petitioner can demonstrate either:(1) cause for the default and actual prejudice resulting therefrom; or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. Petitioner does assert that counsel was ineffective for failing to raise the issue at trial. Pet'r Reply Argument at 1-2. (Dkt. #22). It is well-settled that ineffective assistance of counsel can constitute cause for a procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). In order to establish cause for the procedural default of a claim, counsel's ineffectiveness must itself be the basis of an independent constitutional claim. Carrier, 477 U.S. at 489. Petitioner raised one ineffective assistance of counsel claim on direct appeal: that counsel failed to object to venue in Ontario County. See Pet'r Appellate Reply Br. 19-22. Petitioner's assertion that counsel was constitutionally ineffective for failing to object to an alleged Brady violation by the prosecution was not

---

[3] The appellate court alternatively held that petitioner's Brady claim was without merit. The Court notes that when a claim is not preserved, a federal habeas court may not review the issue, even where the state appellate court alternatively ruled on the merits of the claim. Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).

-7-

fairly presented to the state courts. In that respect, petitioner's argument of ineffective assistance of counsel is itself procedurally barred. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000).[4] Thus, petitioner has not established cause to excuse the procedural default, nor has he alleged that he is actually innocent. See Coleman, 501 U.S. at 748. This claim is therefore dismissed.

### 2. Petitioner's Claim that Counsel was Ineffective for Failing to Object to Venue in Ontario County is Without Merit

Petitioner argues, as he did on direct appeal, that counsel was ineffective for failing to argue that venue in Ontario County was improper because C.P.L. § 20.40(4)(g)[5], as interpreted by the New York Court of Appeals, did not apply to the facts of this case. Pet. ¶ 91(f)-(i). (Dkt. #1). The Appellate Division determined that petitioner received effective assistance of counsel. Cornell, 17 A.D.3d at 1011.

---

[4] Petitioner further alleges that appellate counsel was equally ineffective for failing to see "the principal errors, of constitutional dimension" in the case. Pet'r Reply Argument at 1. Presumably, this argument encompasses the alleged errors made by trial counsel. Assuming petitioner seeks to argue that the cause for procedurally defaulting his ineffective assistance of trial counsel claim is due to appellate counsel's failure to argue that issue on direct appeal, this assertion also fails. Petitioner's ineffective assistance of appellate counsel claim is unexhausted and procedurally barred. He should have first independently presented the claim of ineffective appellate counsel in state court by way of a motion for writ of *error coram nobis*, which he did not. See DiSimone v. Phillips, 461 F.3d 181 (2d Cir. 2006).

[5] C.P.L § 20.40(4)(g), also known as the "private vehicle trip statute", provides that "[a]n offense committed in a private vehicle during a trip thereof extending through more than one county may be prosecuted in any county through which such vehicle passed in the course of such trip." § 20.40(4)(g).

-8-

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." Id. To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." Id. at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Id., and may not second-guess defense counsel's strategy. Id. at 690. Here, petitioner has failed to demonstrate that the result of his trial would have been different but for his attorney's alleged errors.

In People v. Moore, 46 N.Y.2d 1 (1978) the New York Court of Appeals limited the broad language of C.P.L. § 20.40(4)(g), holding that the so-called "private vehicle trip" statute is only applicable when it is "impossible to determine in what county the offense occurred." Moore, 46 N.Y.2d at 7-8. In that case, the court held that the private vehicle statute was not applicable, despite

-9-

the fact that the crime occurred in a private vehicle during the course of a drive between two counties, because the victim of a rape was able to identify precisely where the rape occurred. Id.

Here, Victim #2 identified the site of the rape incident as in or near Rochester, New York. Trial Tr. 297. Both trial counsel and the prosecutor subsequently acknowledged that they were unaware Moore decision and the limitation it placed on § 20.40(4)(g), and 20.40(4)(g) may have been erroneously used to establish venue. See Ex. B at 15; Ex. C at 13-14; Pet. at Gosper Affidavit ("Gosper Aff."). Admittedly, this was an error by both parities, however, it is an error on the part of defense counsel that does not rise to the level of constitutionally ineffective assistance.

In New York, venue is not an element of the offense and need only be established by a preponderance of the evidence. People v. Greenberg, 89 N.Y.2d 553, 555-56 (1997); Moore, 46 N.Y.2d at 8. The issue of whether venue is proper in the selected county is an issue of fact that must be submitted to the jury upon request. People v. Ribowsky, 77 N.Y.2d 284, 292 (1991). When venue is based on § 20.40(4)(g) and the defendant requests that the issue of venue be submitted to the jury, the court must instruct the jury not only of the statutory language, but also of the limitation imposed by Moore. People v. Cullen, 50 N.Y.2d 168, 174 (1980).

At trial, defense counsel did not challenge the basis for venue. However, had defense counsel requested that the issue of venue be submitted to the jury, it is unlikely that the jury would have found that venue was improper in Ontario County pursuant to

the private vehicle trip statute. Victim #2 testified at trial that she was unfamiliar with Rochester, did not know where she was when she was raped, and believed that the motel outside of which she was raped was in Rochester or in the "outskirts" of that city. Trial Tr. 297.  She further testified that, during the car ride, she consumed several alcoholic beverages. Id. at 293. Her testimony also suggests that at the time, she was under the influence of drugs or "high". Id. at 299. Such equivocal testimony regarding where petitioner parked the car when he raped Victim #2 may indeed have been sufficient to establish, by a preponderance of the evidence, that the county in which the crime occurred could not be conclusively determined per Moore.[6]

Thus, despite counsel's deficiency in failing to take exception to the prosecution's argument in favor of applying C.P.L. § 20.40(4)(g), petitioner cannot demonstrate that he suffered prejudice as a result. The Appellate Division's holding that petitioner received effective assistance of counsel was therefore a proper application of clearly established federal law, and petitioner is not entitled to habeas relief on this basis.

---

[6] Moreover, had counsel successfully sought dismissal of the count relating to Victim #2, it is unlikely that petitioner would not have been convicted of the charge. Had the count been dismissed, petitioner could have nonetheless been prosecuted for the rape of Victim #2 in Monroe County. See C.P.L. § 210.20(4). The Court also notes that, under New York law, evidence of the rape of Victim #1 in Ontario County may have been admissible in a separate prosecution in Monroe County, as  the testimony of each victim helped establish the petitioner's identity and *modus operandi*. People v. Molineux, 168 N.Y. 264 (1901).

### 3. Petitioner's Remaining Claims Relating to Ineffective Assistance of Counsel are Unexhausted and Procedurally Barred

Petitioner has exhausted only one of his many claims of ineffective assistance of counsel. See discussion *infra*, III.B.2 His remaining claims have not been brought before the state courts and each is raised for the first time in the instant petition. The Second Circuit has recognized that habeas petitioners are required to exhaust each specific allegation of ineffective assistance of counsel. See Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994). Petitioner did not raise the remaining allegations regarding counsel's performance in his direct appeal or in his C.P.L. § 440.10 motion for *vacatur*, and has therefore failed to exhaust these claims.

Many of petitioner's claims are record-based, i.e., that counsel failed to object at the appropriate times, failed to introduce certain evidence, and failed to adequately cross-examine the prosecution's witnesses. See Pet. 22-23. As such, these claims could have been raised on direct appeal and cannot now be raised in a § 440.10 motion. See C.P.L. § 440.10(2)(c) (the trial court must deny motion if the ground could have been raised on appeal and defendant failed to do so). Further, he cannot again seek leave to appeal this claim in the Court of Appeals because he has already made his one entitled request for leave to appeal. See N.Y. Court Rules § 500.10. The Court finds that petitioner no longer has remedies available in the state courts. The claim is thus deemed exhausted and procedurally barred. As discussed earlier, petitioner

has not met the standard for cause and prejudice, nor has he established that he is actually innocent in order to overcome the procedural default.

Alternatively, the claims that petitioner sets forth that are based on facts not appearing in the record, such as counsel's failure to investigate petitioner's case, Pet. 20-21, could ostensibly be exhausted in state court. See United States v. Leone, 215 F.3d 253, 255-56 (2d Cir. 2000) (claims of ineffective assistance generally appropriate for collateral attack on conviction because factual basis not reflected in trial record). In this instance, petitioner's claims are not procedurally barred and results in a mixed petition containing both exhausted and unexhausted claims. Pursuant to 28 U.S.C. § 2254(b)(2), this Court may deny unexhausted claims on the merits, despite petitioner's failure to exhaust state court remedies.

The majority of district courts in this circuit have followed a "patently frivolous" standard for denying unexhausted claims.[7] Colorio v. Hornbeck, No. 05 CV 4984(NG)(VVP), 2009 WL 811588, at *3 (E.D.N.Y. Mar. 3, 2009) (citing Brown v. State of New York, 374 F. Supp.2d 314, 318 (W.D.N.Y. 2005) (citing Naranjo v. Filion, No.

---

[7] Neither the Supreme Court nor the Second Circuit adopted any standard for denying unexhausted claims on the merits. E.g., Sherwood v. Cunningham, No. 07 Civ. 6588(SAS), 2009 WL 790085, at *4 (S.D.N.Y. Mar. 25, 2009). The Second Circuit initially adopted the "patently frivolous" standard in Jones v. Senkowski, 2002 WL 246451 (2d Cir. 2002). However, that decision was later vacated and withdrawn, Jones v. Senkowski, No. 00-2145, 2002 WL 246451 (2d Cir. May 22, 2002), amended by Jones v. Senkowski, No. 00-2145, 42 Fed. Appx. 485, 2002 WL 1032589 (2d Cir. May 22, 2002), cert. denied, 537 U.S. 1177 (2003). Some of the decisions in the "patently frivolous" line relied on Jones. Naranjo v. Filion, No. 02 Civ. 5449, 2003 WL 1900867, at *8 n.14 (S.D.N.Y. Apr. 16, 2003) (collecting cases).

-13-

02-CIV-5449, 2003 WL 1900867, at *8 (S.D.N.Y. Apr.16, 2003) (collecting cases)) (footnote omitted)), while a minority of district courts have exercised § 2254(b)(2) discretionary review when "'it is perfectly clear that the [petitioner] does not raise even a colorable federal claim,'" Hernandez v. Lord, No. 00-CIV-2306, 2000 WL 1010975, at *4 n. 8 (S.D.N.Y. Jul. 21, 2000) (collecting and analyzing cases). Another test that has been suggested in this Circuit is that unexhausted claims should be reviewed under a "heightened de novo standard." King v. Cunningham, 442 F. Supp.2d 171, 179 (S.D.N.Y. 2006). Petitioner's claim fails regardless of the standard employed.

Petitioner alleges that counsel failed to properly and fully investigate the case; line up witnesses with personal knowledge of complainants prior sexual relations with petitioner; and to "make timely arrangements with . . . petitioner's girlfriend in Mississippi, to testify regarding tape recordings she made of telephone conversations she had with [Victim #1]." Pet. ¶ 91(a). Petitioner has attached an affidavit from trial attorney Robert Gosper, Esq, ("Gosper") which essentially refutes the allegation of counsel's unpreparedness. Specifically, Gosper states that:

> [Petitioner] and I corresponded back and forth, and met on occasion to discuss possible witnesses who might testify at trial, and then what I learned from them. Additionally, I kept in touch with [petitioner's] family, made the appropriate pretrial discovery applications and motions, reviewed the law pertinent to the crimes alleged in the indictment, and met with witnesses whom we expected to call on [petitioner's] behalf.

Gosper Aff. ¶ 7.

With respect to petitioner's allegation that Gosper failed to make arrangments to have petitioner's girlfriend testify as a witness, Gosper notes that he "reviewed certain audio tape recordings that [petitioner's] girlfriend . . . had made while talking to [Victim #1] on the telephone. I reviewed the tapes and decided that they would not help [petitioner's] defense." Gosper Aff. ¶ 15.

"In the context of an uncalled witness, courts have held that, '[t]o affirmatively prove prejudice, a petitioner ordinarily must show not only that the testimony of uncalled witnesses would have been favorable, but also that those witnesses would have testified at trial.'" Greene v. Brown, No. 06 Civ. 5532(LAP)(GWG) 2007 WL 1589449 (S.D.N.Y. June 4, 2007) (Report and Recommendation)(quoting Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir. 1990)). Gosper clearly evaluated the audio tapes and made the strategic decision not to call petitioner's girlfriend to testify as to the tapes. Petitioner has thus not established that the contents of the tapes, or any testimony arising therefrom, would have been favorable to his defense. Moreover, it is well-settled that "[t]he decision not to call a particular witness is typically a question of trial strategy that appellate courts are ill-suited to second-guess." U.S. v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998); see also, U.S. ex rel. Walker v. Henderson, 492 F.2d 1311, 1314 (2d Cir. 1974) ("[T]he decision to call or bypass particular witnesses is peculiarly a question of trial strategy, which courts will

practically never second-guess.") (citations and footnote omitted). In sum, petitioner's decision not to call petitioner's girlfriend as a witness can be attributed to a plausible trial strategy, and is not objectively unreasonable under the terms of Strickland.

Because petitioner has not made a colorable claim of error infringing on a constitutional right, this claim is therefore dismissed.

**IV. Conclusion**

For the reasons stated above, Jason Cornell's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: January 13, 2010
       Rochester, New York